IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

SHELBY COUNTY CHANCERY COURT
APR 01 2011
DEWUN H. SETTLE, C & M
TIME:_____ BY:_____

| | |
|---|---|
| YVONNE T. TAYLOR | ) |
| Plaintiff | ) |
| VS. | ) DOCKET NO. CH 11-0573-3 |
| | ) PART 3 |
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY and GWENDOLY TAYLOR-HOLMES | ) |
| Defendants | ) |

## COMPLAINT FOR DECLARATORY RELIEF AND FOR BAD FAITH BREACH OF INSURANCE CONTRACT

TO THE HONORABLE CHANCELLORS OF THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE:

Comes now Your Plaintiff, Yvonne T. Taylor, by and through counsel, and for cause of action against the Defendants, Metropolitan Life Insurance Company and Gwendolyn Taylor-Holmes would charge and allege unto the Court as follows:

1. The Plaintiff is an adult resident of Shelby County, Tennessee.

2. The Defendant, Metropolitan Life Insurance Company (hereinafter "MetLife") now is and at all times relevant to this action was, a New York corporation, authorized by the Tennessee Department of Commerce and Insurance to engage in the business of writing and selling insurance in Memphis, Shelby County, Tennessee. New York Life has designated the Commissioner of the Tennessee Department of Commerce and Insurance as its registered agent for service of process.

3. Defendant Gwendolyn Taylor-Holmes upon information and belief is an

adult resident of California and can be served at 4870 Sedo Drive, San Diego, California 92124.

4. This Court has jurisdiction over the present matter as the occurrences giving rise to the present cause of action, the execution of life insurance contracts, occurred in Memphis, Shelby County Tennessee.

5. Venue in the instant case is properly found in Shelby County, Tennessee, pursuant to T.C.A. 20-4-101, *et. seq.* as the named beneficiary of the instant policy is a resident of Memphis, Shelby County, Tennessee.

6. Mr. Lea H. Taylor, (hereinafter "deceased"), for valuable consideration obtained two policies of insurance on his life from Defendant MetLife: (1) Policy Number 686300503A, and (2) Policy Number 780 808 409 A1.

7. Your Plaintiff, Yvonne T. Taylor, is the named beneficiary of both of the policies.

8. Defendant Gwendolyn Taylor-Holmes is purportedly listed as the contingent beneficiary on Policy Number 780 808 409 A1.

9. Though numerous written and oral requests for copies of the insurance policies were made to Defendant MetLife, to the date of filing the instant pleading, neither of the policies have been produced.

10. On or about April 10, 2007, while both of the policies were in full force and effect, Lea H Taylor died of natural causes. (attached hereto as exhibit "A" is a copy of Mr. Taylor's death certificate).

11. Plaintiff properly notified the Defendant of Mr. Taylor's death.

12. All the conditions of the policy have been performed by Plaintiff and the

decedent. Though almost four (4) years have elapsed since decedent passed away, MetLife has failed to pay the Plaintiff any of the sums due on the policies or provided copies of the policies so that the proper amount to be paid pursuant to same could be determined.

13. Additionally, one of the policies contains a "paid up" policy attached as well. Said policy should have been turned over to Plaintiff so she may name a beneficiary for same.

14. Plaintiff would submit that MetLife's refusal to honor the terms of the policies have been done intentionally and in bad faith so as to warrant exemplary relief.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for a judgment against the MetLife Insurance Company for the face value of policy numbers 686300503A and 780 808 409, with interest on such sum from April 10, 2007, for the court to determine and declare the proper beneficiary and recipient for the proceeds of each policy and for any "paid up" policy to be turned over to the proper beneficiary. Further Plaintiff seeks, exemplary relief against MetLife in an amount to be found reasonable, such sum not to exceed $150,000.00, plus reasonable attorneys fees, costs on this action any further relief to which this Honorable Court finds just and proper.

Respectfully Submitted;

Kenneth Margolis, #22906
*Attorney for Plaintiff*
100 North Main Street, #2601
Memphis, Tennessee 38103
Phone: 901 / 405-3013
Facsimile: 901 / 575-8717
Email: Kmargolis@margolis-law.com



7010 2780 0001 2571 3891

7010 2780 0001 2571 3891          04/12/2011
METROPOLITAN LIFE INSURANCE COMPANY
800 S. GAY STREET, STE 2021, % C T CORP
KNOXVILLE, TN 37929-9710

STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INS
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TENNESSEE 37243

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT AT MEMPHIS | SUMMONS | DOCKET NUMBER CH-11-0573-3 |
|---|---|---|
| **Plaintiff** YVONNE T. TAYLOR | **Defendant** METROPOLITAN LIFE INSURANCE COMPANY and GWEN[?] | |

**TO:** (NAME AND ADDRESS OF DEFENDANT)

Metropolitan Life Insurance Company

Method of Service:
- ☐ Certified Mail
- ☐ Shelby County Sheriff
- ☒ Comm. Of Insurance*
- ☐ Secretary of State*
- ☐ Out of County Sheriff*
- ☐ Private Process Server
- ☐ Other

*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your answer to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your answer with the Clerk of the Court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default can be rendered against you for the relief sought in the complaint.

Attorney for plaintiff or plaintiff if filing Pro Se:
(Name, address & telephone number)

Kenneth Margolis, #22906
Attorney for Plaintiff
100 North Main Street, #2601
Memphis, Tennessee 38103
Phone: 901 / 405-3013
Facsimile: 901 / 575-8717
Email: Kmargolis@margolis-law.com

ISSUED 1st of April, 2011

Dewun R. Settle, Clerk and Master

By: _____
Deputy Clerk & Master

**TO THE SHERIFF:**

**Came to hand**

_____ day of _____, 20 ___

**Sheriff**

**Submit one original and one copy for each defendant to be served.

! Questions regarding this summons and the attached documents should be addressed to the Attorney listed above.

For ADA assistance only, call (901) 379-7895

09/18/07

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

- ☐ Served _____
- ☐ Not Served _____
- ☐ Not Found _____
- ☐ Other _____

DATE OF RETURN: This ____ day of _____, 20 ____.

By: _____
Sheriff/or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the ____ day of _____, 20 ____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH- _____ to the defendant _____. On the ____ day of _____, 20 ____, I received the return receipt, which had been signed by _____ on the ____ day of _____, 20 ____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

Sworn to and subscribed before me on this ____ day of _____, 20 ____.

Signature of ____ Notary Public or ____ Deputy Court Clerk

Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process.

My Commission Expires: _____

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Clerk & Master
140 Adams Ave.
Room 308
Memphis, TN 38103

Please state file number on list.

ATTACH RETURN RECEIPT HERE (IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

I, Dewun R. Settle, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case.

Dewun R. Settle, Clerk & Master

By: _____
D.C. & M.

09/18/07

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
THIRTIETH JUDICIAL DISTRICT AT MEMPHIS



YVONNE T. TAYLOR,

    Plaintiff,

vs.

    Docket No. CH-11-0573-3
    Part III

METROPOLITAN LIFE INSURANCE
COMPANY AND GWENDOLYN TAYLOR-
HOLMES,

    Defendants.

## GWENDOLYN TAYLOR-HOLMES' ANSWER TO COMPLAINT FOR DECLARATORY RELEIF AND FOR BAD FAITH BREACH OF INSURANCE CONTRACT

To the Honorable Chancellors of the Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis, Shelby County, Tennessee:

Comes, the Defendant, Gwendolyn Taylor-Holmes and in response to the complaint that has been filed against her, would show to the Court as follows:

1. The allegations of paragraph one of the Complaint are admitted.

2. The Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph two of the Complaint and therefore, denies same.

3. The allegations of paragraph three of the Complaint are admitted.

4. The Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph four of the Complaint and therefore, denies same.

5. The allegations of paragraph five of the Complaint are admitted.

6. The Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph six of the Complaint and therefore, denies same.

7. The Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph seven of the Complaint and therefore, denies same. However, it would be shown that if in fact there is a policy as alleged this Defendant has no issue with the proceeds from a life insurance policy being paid to the Plaintiff.

8. The Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph 8 of the Complaint and therefore, denies same.

9. The Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph nine of the Complaint and therefore, denies same.

10. The allegations regarding the death of Lea H. Taylor as alleged in paragraph ten of the Complaint are admitted. The remaining allegations of said paragraph are denied in that this Defendant is without sufficient information to form a belief as to the truth of them and therefore denies the remaining provisions of paragraph ten of the Complaint.

11. The Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph eleven of the Complaint and therefore, denies same.

12. The Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph twelve of the Complaint and therefore, denies same.

13. The Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph thirteen of the Complaint and therefore, denies same.

14. The Defendant is without sufficient information to form an opinion as to the truth of the allegations of paragraph four of the Complaint and therefore, denies same.

**WHEREFORE, PREMESIS CONSIDERED, DEFENDANT PRAYS:**

1. That the Court make a determination of the existence of the policy as alleged and if it in fact was in full force and effect, that the Court order that the death benefits be paid in accord with the beneficiary designations on said policy; and.

2. The relief prayed for the Plaintiff against the Defendant Metropolitan Life Insurance Company be granted upon proof that such relief is warranted;

3. For such other and further relief as the court deems appropriate.

Respectfully submitted,

WEISSMAN, OSTROW & MITCHELL

Larry A. Weissman (8527)
5118 Park Avenue, Suite 600
Memphis, TN 38117
(901) 763-2134

For Defendant Gwendolyn Taylor-Holmes

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed to:

Kenneth Margolis<br>
Attorney At Law<br>
100 North Main Street, #2601<br>
Memphis, TN 38103

this _____ day of _____, 2011, via U.S. mail postage prepaid.

_____<br>
Larry A. Weissman